FILED

**NOT FOR PUBLICATION**

MAY 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GASIM ABUHAWA,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 05-75276<br><br>Agency No. A075-727-333<br><br>MEMORANDUM* |
| GASIM ABUHAWA,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 05-77269<br><br>Agency No. A075-727-333 |
| GASIM ABUHAWA,<br><br>    Petitioner,<br><br>  v. | No. 06-73290<br><br>Agency No. A075-727-333 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2010
Pasadena, California

Before: FRIEDMAN, [**] D.W. NELSON and REINHARDT, Circuit Judges.

Gasim Abuhawa petitions for review of a Board of Immigration Appeals (BIA) decision that dismissed his appeal of an Immigration Judge's (IJ) decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. He also petitions for review of the BIA's subsequent decisions denying his motions to reopen and reconsider. We grant his initial petition for review, No. 05-75276, and dismiss the subsequent two petitions, Nos. 05-77269 and 06-73290. We remand for further proceedings consistent with this decision.

---

[**]    The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

The BIA held that Abuhawa was not credible because he "failed to present sufficient evidence to establish his identity." An asylum applicant's credible testimony is, on its own, sufficient to meet his burden of establishing eligibility for asylum, including his burden to establish his "identity." *See Ladha v. INS,* 215 F.3d 889, 900 (9th Cir. 2000).[1] However, where there is a legitimate reason to question an applicant's credibility, the applicant's unexplained failure to produce "non-duplicative, material, easily available corroborating evidence" may support an adverse credibility finding, and thus a conclusion that he has failed to meet his burden of proof. *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000).

Abuhawa testified that he is a native and citizen of Sudan, and that he was born on January 5, 1973. He also submitted photocopies of his passport and visa, both of which reflect his Sudanese citizenship, but list a birth date of January 5, 1978, five years later than the date to which he testified. He provided an explanation for the discrepancy: Sudan has a policy of denying passports to men over the age of 21. In order to receive permission to leave the country, he obtained his passport and visa through unofficial channels, using a fraudulent birth date. *Id.*

---

[1] *Ladha's* rule that corroboration may not be required from a credible applicant has been superceded by the REAL ID Act. *See Aden v. Holder*, 589 F.3d 1040, 1043-44 (9th Cir. 2009). However, because Abuhawa applied for asylum before May 11, 2005, his case is governed by pre-REAL ID Act standards. *See id.* at 1044 n.6.

In addition to the copies of his passport and visa, Abuhawa submitted a photocopy of his birth certificate.[2]  He testified that his father had obtained the birth certificate through normal, official channels.  The birth certificate reflects a birth date of January 5, 1973, which, as noted above, Abuhawa testified to be his true birth date.

The BIA's adverse credibility finding is based on speculation and legal error regarding the evidence produced by Abuhawa.  First, it is well-established that the fact that an asylum applicant relied on fraudulent identity documents to gain entry into the United States may not serve as the basis for an adverse credibility finding. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999); *In re O-D-*, 21 I. & N. Dec. 1079, 1081 (1998).  Accordingly, the fact that Abuhawa's passport and visa contained inaccurate birthdates because, as he explained, he had to lie about his age in order to be able to leave the Sudan, was not a permissible basis for an adverse credibility determination.

---

[2]The photocopied birth certificate lists an issue date of September 14, 1997. At his hearing, Abuhawa explained that the birth certificate issued at the time of his birth had been lost, and that the birth certificate issued on September 14, 1997 was an official replacement.  It is clear that the "original" birth certificate to which the BIA refers in its decision is the original, as opposed to the photocopied, version of the birth certificate issued on September 14, 1997.

Next, the BIA questioned the accuracy of Abuhawa's birth certificate because it was "handwritten" and "not authenticated." However, in the absence of specific evidence undermining the reliability of an asylum applicant's documentary evidence, "[m]ere failure to authenticate [the] documents . . . does not constitute a sufficient foundation for an adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir. 2003). Further, the BIA provided no explanation or support for its assumption that a true Sudanese birth certificate would be entirely type-written. Its "basis for questioning the[] document[] 'amounts to nothing more than a subjective view of what [the document] would look like.'" *Id.* at 1255 (quoting *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000)). "Our substantial evidence standard requires more for an adverse credibility finding." *Id.*

Finally, the BIA found Abuhawa incredible because he had "testified . . . that he is currently in possession of an original copy of his birth certificate," yet failed to submit the original at a subsequent proceeding. However, as described above, the BIA has provided no "legitimate reason" to question Abuhawa's credibility that would permit it to base an adverse credibility determination on his failure to provide corroboration. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir. 2000) (holding that corroboration may be required under *Sidhu* only where there is a "legitimate reason" to question the applicant's credibility). Further, even

assuming there was a legitimate reason to question Abuhawa's credibility, the BIA

erred by basing an adverse credibility determination on his failure to provide a

specific corroborating document without providing him with notice that that

document was required. "[D]ue process requires that an applicant be given a

second opportunity to establish eligibility for asylum where the adverse credibility

determination was based, without notice to the applicant, on a failure to produce"

corroborating evidence.[3] *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 620 (9th Cir.

2004). Abuhawa was not on notice that the photocopied birth certificate that he

provided was unacceptable, and that he would need to produce the original at a

subsequent hearing. Accordingly, the BIA could not base an adverse credibility

determination on his failure to do so.

Because the BIA's adverse credibility finding is not supported by substantial

evidence, we GRANT the petition, REVERSE the adverse credibility finding, and

REMAND for further proceedings. On remand, Abuhawa's testimony shall be

taken to be credible. *Guo v. Ashcroft*, 361 F.3d 1194, 1203-04 (9th Cir. 2004); *He*

---

[3]We have recently held that Due Process does not require an IJ to provide notice before requiring corroboration from an asylum applicant whose claim is governed by the REAL ID Act, because the Act itself provides sufficient notice that corroboration may be required. *See Singh v. Holder*, --- F.3d ----, 2010 WL 1529405, *4-*6 & n.9 (9th Cir. April 19, 2010). *Singh* does not apply to this case, which is governed by pre-REAL ID Act standards. *See supra*, note 1.

*v. Ashcroft*, 328 F.3d 593, 604 (9th Cir. 2003); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009). The question whether Abuhawa has met his burden of establishing eligibility for asylum must be resolved in light of his credible testimony. *Id.* Abuhawa's withholding and CAT claims, which were denied solely on the basis of the adverse credibility finding that we now reverse, must be resolved in a similar manner.

GRANTED and REMANDED.

*Abuhawa v. Holder*, Nos. 05-75276, 05-77269, 06-73290

FRIEDMAN, Circuit Judge, concurring.

When an adjudicator who has seen and heard a witness' testimony and, based on the adjudicator's evaluation of the witness' demeanor, rejects that testimony because he determines the witness was not credible, an appellate tribunal almost never rejects that credibility determination. That is the usual situation where a determination of witness credibility is challenged on appeal.

Here, however, the situation is quite different. The credibility determination that we review was made not by the person who saw and heard Abuhawa testify (the Immigration Judge), but by the Board of Immigration Appeals in its review of the Immigration Judge's decision. Abuhawa was found not credible not because of his demeanor while testifying, but because of objective evidence that the Board of Immigration Appeals believed undermined his testimony. The validity of that conclusion turns upon an evaluation of that evidence, and that is a function that an appellate tribunal typically performs. That is the situation here. Based upon Ninth Circuit precedent, I have no reason to disagree with this court's conclusion that the evidence does not justify the Board's ruling that Abuhawa was not a credible witness.